**Rizwan IRSHAD, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**No. 13–71220.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 22, 2015.

Filed Nov. 6, 2015.

Saad Ahmad, Fremont, CA, for Petitioner.

Edward C. Durant, Oil, Rosanne Perry, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CLIFTON and N.R. SMITH, Circuit Judges and LASNIK,* District Judge.

MEMORANDUM **

Rizwan Irshad challenges the BIA's determination that he was convicted of an

---

* The Honorable Robert S. Lasnik, District Judge for the U.S. District Court for the West-

ern District of Washington, sitting by designation.

** This disposition is not appropriate for publi-

aggravated felony, defined in Section 101(a)(43)(M)(i) of the Immigration and Nationality Act as "an offense that ... involves fraud or deceit in which the loss to the victim or victims exceeds $10,000." 8 U.S.C. § 1101(a)(43)(M)(i). Irshad agrees that his offense involved fraud or deceit, but contends 'that the BIA erred when it concluded that the loss to the victims exceeded $10,000. We review whether a conviction was for an aggravated felony *de novo. Rendon v. Mukasey,* 520 F.3d 967, 971 (9th Cir.2008).

The monetary threshold established by Section 101(a)(43)(M)(i) "applies to the specific circumstances surrounding an offender's commission of a fraud and deceit crime on a specific occasion." *Nijhawan v. Holder,* 557 U.S. 29, 40, 129 S.Ct. 2294, 174 L.Ed.2d 22 (2009). Here, Irshad pleaded guilty to conspiracy under California Penal Code Section 182(a)(1) and agreed that he and his co-defendants were responsible for $22,500 in restitution. This agreement constitutes clear and convincing evidence that the loss to the victims exceeded $10,000. *See Fuentes v. Lynch,* 788 F.3d 1177, 1183 (9th Cir.2015) (per curiam); *Ferreira v. Ashcroft,* 390 F.3d 1091, 1098–1100 (9th Cir.2004), *abrogated on other grounds by Nijhawan,* 557 U.S. 29, 129 S.Ct. 2294.

Although the BIA erred by relying on overt acts listed in the conspiracy count to which Irshad did not admit, this error was harmless. *See Fuentes,* 788 F.3d at 1182–83.

**PETITION FOR REVIEW DENIED.**

cation and is not precedent except as provided by 9th Cir. R. 36–3.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.